**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SUSTAINABLE ENERGY FUND, | CIVIL ACTION NO. 3:CV-14-0648 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| HACAG, LLC and ZORM, LLC, | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Defendant Zorm 2009, LLC's ("Zorm") Motion for Summary Judgment on Plaintiff Sustainable Energy Fund's ("SEF") replevin claim and on Zorm's declaratory judgment counterclaim against SEF (Doc. 25). Zorm seeks a finding that it has a superior security interest in a particular solar panel system, and therefore SEF does not have the right to replevy the solar panel system. Also before the Court is Plaintiff SEF's Motion for Summary Judgment against Defendants HACAG, LLC ("HACAG") and Zorm (Doc. 31). Plaintiff SEF seeks judgment in its favor on the requests contained in its complaint (Doc. 2): replevin and possession of the solar panels at issue. Because the material facts underlying whether the solar panels are fixtures or personal property remain in dispute, summary judgment is not warranted in favor of either party, and both motions for summary judgment will be *denied.*

**I. Background**

**A. Factual Background**

Plaintiff is Sustainable Energy Fund ("SEF"), a fictitious name for the PP&L Sustainable Energy Fund, a nonprofit organization with a principal place of business in Allentown, Pennsylvania. (Doc. 32, ¶ 1; Doc. 38, ¶ 1.) Defendant HACAG is a limited liability corporation, which until 2014 was the owner of real estate located at 22 Faith Drive, Hazleton, Pennsylvania ("Hazleton Property"). (Doc. 32, ¶ 2; Doc. 38, ¶ 2.) Defendant Zorm 2009 ("Zorm") is a New Jersey limited liability company whose sole member is Oritani Bank. (Doc. 25-2, ¶ 3; Doc. 30, ¶ 3.)

The dispute giving rise to this action concerns a 55.5 kw photovoltaic solar electric generation panel system ("solar panels") located at the Hazleton Property.  (Doc. 32, ¶ 4; Doc. 38, ¶ 4.)

On April 28, 2008, Oritani Bank (which is the sole member of Zorm 2009, LLP) extended a loan to HACAG in the amount of $1,920,000.  (Doc. 25-2, ¶ 4; Doc. 30, ¶ 4.)  A copy of this note is attached to Zorm's Statement of Facts as Exhibit C.  (Doc. 38, *Ex. C.*)  In exchange for this loan, HACAG executed a mortgage in favor of Oritani Bank on the Hazleton Property.  (Doc. 32, ¶ 6; Doc. 38, ¶ 6.)  A copy of this mortgage is attached to Zorm's Statement of Facts as Exhibit D.  (Doc. 38, *Ex. D.*)  The mortgage was recorded in the Luzerne County Recorder of Deeds on May 5, 2008.  (Doc. 32, ¶ 7; Doc. 38, ¶ 7.)

The mortgage was assigned from Oritani Bank to Zorm effective November 13, 2013, and recorded on December 18, 2013.  (*Id.*)  The mortgage is attached to Zorm's Statement of Facts as Exhibit E.  (Doc. 38, *Ex. D*.)

On or about December 15, 2010, Plaintiff SEF made a loan to Defendant HACAG, which HACAG used to finance the purchase and construction of the solar panels.  (Doc. 32, ¶ 8; Doc. 38, ¶ 8.)  A copy of this loan agreement is attached to Zorm's Statement of Facts as Exhibit 1.  (Doc. 32, *Ex. 1*.)  Prior to executing the loan agreement, HACAG submitted an application for the loan to SEF, which SEF approved.  (Doc. 32, ¶ 10; Doc. 38, ¶ 10.)  The loan application, loan approval, and commitment letter are attached to the SEF Statement of Facts as Exhibits 2, 3, and 4, respectively.  (Doc. 32, *Exs. 2, 3, 4*.)

The parties dispute the purpose of the SEF loan.  SEF asserts that the purpose of this loan was "to provide a first lien on the Solar Panels."  (Doc. 32, ¶ 10.)  Zorm asserts that the purpose of the loan "was to provide financing for HACAG to install the Solar Panels on the property."  (Doc. 38, ¶ 10.)  Furthermore, Zorm states that the document that allegedly grants SEF a lien on the solar panels is unsigned.  (*Id.*)  SEF contends that HACAG granted SEF a security interest in the solar panels to induce SEF to make the loan.  (Doc. 32, ¶ 10.)  SEF maintains that it filed a UCC-1 with the Pennsylvania Department of State to perfect its interest in the solar panels.  (Doc. 32, ¶ 12.)  A copy of this form is attached as Exhibit 6 to

SEF's Statement of Facts.  (*Id., Ex. 6.*)

Zorm asserts that this form does not demonstrate that SEF perfected its interest in the solar panels.  (Doc. 38, ¶ 12.)  Rather, Zorm contends that SEF did not perfect its interest in the solar panels.  (*Id.*)  In order to perfect its interest, SEF would have had to record its interest in the real property records, which it failed to do.  (*Id.*)

SEF and Zorm agree that SEF did not file the UCC-1 form with the Luzerne County Recorder of Deeds.  (Doc. 32, ¶ 13; Doc. 38, ¶ 13.)  SEF asserts that it did not need to do so in order to perfect its interest.

Sometime after receiving the SEF loan, HACAG installed the solar panels on the Hazleton property.  (Doc. 32, ¶ 14; Doc. 38, ¶ 14.)

In 2014, Zorm became the owner of the Hazleton Property, when HACAG delivered a deed-in-lieu-of foreclosure.  (Doc. 32, ¶ 16; Doc. 38, ¶ 16.)

The main structure on the Hazleton property is an apartment building called Highacre Commons.  (Doc. 32, ¶ 17; Doc. 38, ¶ 17.)  The solar panels are attached to rectangular blocks of concrete in the building's parking lot.  (Doc. 32, ¶ 18; Doc. 38, ¶ 18.)  The electricity generated by the solar panels lowers the building's electricity bill by offsetting the electricity supplied by the electrical grid.  (Doc. 32, ¶ 19; Doc. 38, ¶ 19.)  Some of the solar panels form a canopy for the parking lot.  The panels are attached to the building via underground wiring.

The parties dispute how challenging it would be to remove the solar panels from the Hazleton property.  Zorm asserts that it would damage the property or solar panels, whereas SEF asserts that removal would be easy to do and would not cause damage.  (Doc. 32, ¶¶ 23-26; Doc. 38, ¶¶ 23-26.)  The parties also dispute whether the solar panels were intended to be removed.

**B. Procedural Background**

Plaintiff SEF initiated this action on March 12, 2014 by filing a Complaint (Doc. 2) in the Luzerne County Court of Common Pleas. In the Complaint, Plaintiff requested "judgment in replevin in its favor and against HACAG, for $195,071.95, and . . . an Order awarding possession of the solar panels to SEF, and direct the Prothonotary to issue a writ of possession directing the Sheriff to seize the Solar Panels and deliver possession to SEF." (Doc. 2, 2-3.)

On April 4, 2014, Defendants Zorm and HACAG removed this action from state court to the Middle District of Pennsylvania. (Doc. 1.) On April 11, Zorm filed an answer to Plaintiff's Complaint, and asserted a counterclaim against SEF, requesting judgment in its favor declaring that its interest in the solar panels is superior to any interest that SEF has in the panels. (Doc 4, 7.)

On March 2, 2015, Zorm filed a Motion for Summary Judgment (Doc. 25) and a Brief in Support (Doc. 26). It included a Statement of Material Facts in Support (Doc. 25-2), in accordance with the local rules. It also included seventeen (17) exhibits, labeled A through Q (Docs. 25-3 - 25-19). On April 20, SEF filed an answer to the Statement of Facts in response to Zorm's Motion for Summary Judgment (Doc. 30).

Also on April 20, SEF filed a Motion for Summary Judgment (Doc. 31), along with a Statement of Facts with eight (8) exhibits (Doc. 32) and Brief in Support (Doc. 34). On May 11, 2015, Zorm filed a Statement of Facts in Response to SEF's Motion for Summary Judgment (Doc. 38). Zorm also included a Brief in Opposition (Doc. 38-2) and fourteen (14) exhibits labeled A through N (Docs. 38-3 - 38-16).

On May 26, 2015, SEF filed a Reply Brief in support of its Motion for Summary Judgment (Doc. 40). Thus, this matter is fully briefed and ripe for disposition.

## II. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 70 (3d Cir. 1996). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*. Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party may present its own evidence or, where the non-moving party has the burden of proof, simply point out to the court that "the non-moving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the

facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57. The Court need not accept mere conclusory allegations, whether they are made in the Complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. N.J. Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id*. (quoting *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a Summary Judgment Motion, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. Discussion

Plaintiff SEF's underlying action seeks judgment in replevin against HACAG in the amount of $195,071.75 for HACAG's alleged failure to make payment when due under the terms of the SEF loan documents. SEF also seeks an order directing the sheriff to remove the disputed solar panels from the Hazleton property that Zorm owns. Zorm's counterclaim seeks a declaratory judgment that it has a superior security interest in the solar panels, barring SEF from removing them from the property.

Zorm and SEF have two main points of contention: First, whether the solar panels are tangible personal property, or fixtures. Second, if the solar panels are a fixture, whether SEF's security interest in the solar panels has priority over Zorm's.

SEF asserts that because the solar panels are not fixtures, Zorm has no claim to possession of the solar panels. Zorm asserts that the solar panels are fixtures, and thus, it has possession of them. Pennsylvania law governs whether the solar panels are fixtures, which are considered part of the realty. "A fixture is an article ... of personal property which has been so annexed to the realty that it is regarded as part and parcel of the land." *Smith*

*v. Weaver*, 445 Pa.Super. 461, 467, 665 A.2d 1215, 1218 (1995). *Lehmann v. Keller*, 454 Pa. Super. 42, 48, 684 A.2d 618, 621 (1996).

The parties agree that the standard set out by the Pennsylvania Supreme Court in *Clayton v. Lienhard*, 167 A. 321, 322 (Pa. 1933), applies to the instant matter. In *Clayton*, the Court establish three categories of chattel, the second two of which are relevant here:

> Second, those which are so annexed to the property that they cannot be removed without material injury to the real estate or to themselves; these are realty, even in the face of an expressed intention that they should be considered personalty–to them the ancient maxim 'Quicquid plantatur solo, solo cedit,' applies in full force. Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation; in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable.

*Clayton v. Lienhard*, 312 Pa. 436-37 (internal citations omitted). Zorm asserts that the solar panels are in the second category, and are realty. SEF asserts that they fall into the third category, and were not intended as fixtures, and thus are personal property and are not part of the property deeded to Zorm by HACAG in its deed in-lieu-of foreclosure.

The parties dispute whether the solar panels can be removed without material injury to the real estate or to the panels themselves. Reviewing all of the pleadings and exhibits, this is a material fact that remains in dispute. Thus, summary judgment is not warranted.

The parties agree that the solar panels are physically connected to the property. SEF asserts that the solar panels can be removed without harm. They attached to their Statement of Facts (Doc. 34) a report prepared by a hired expert, Ron Celentano of Celentano Energy Services, a solar voltaic industry consultant. (Doc. 32-8.) In that report, Mr. Celentano found that the solar panel system installed on the property at issue could be removed "without damaging any part of the building or any other part of the property." (*Id.,* 1.) Zorm asserts that to remove the solar panels would be challenging, and could damage the property, as the Celentano report indicates that the wiring that attaches the panels to the

building would need to be removed from underground.  Furthermore, Zorm contends that the solar panels are very large, and are bolted six (6) inches into the ground by concrete.  The photographs of the solar panels, included in both Zorm and SEF's materials, indicate that the solar panels are large.  Zorm maintains that to remove the panels would cause additionally injury to the property, as it would cause the electricity bill for the building to rise, would remove the parking canopies from the parking lot, and would decrease the value of the property.

Based on the foregoing, a dispute of material fact persists as to whether the solar panels could be removed without damage to the Hazleton property, and whether they were intended to be easily removed.  This is a dispute of fact central to this action.   Thus, I will deny both motions for summary judgment.

### IV. Conclusion

For the above reasons, both Defendant Zorm's Motion for Summary Judgment (Doc. 25) and Plaintiff SEF's Motion for Summary Judgment (Doc. 31) will be *denied.*  An appropriate order follows.


July 27, 2015                                          /s/ A. Richard Caputo
Date                                                        A. Richard Caputo
                                                                United States District Judge